UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOUAN JACKSON,

               Plaintiff,

-against-

DESTINY'S CHILD, et al.,

               Defendants.

1:23-CV-10507 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated January 18, 2024, the Court dismissed this *pro se* action and granted Plaintiff's motion for leave to file a second amended complaint, but denied Plaintiff's request for 90 days in which to do so, instead granting Plaintiff only 60 days' leave to file a second amended complaint, as specified in that order. (ECF 7.) Five days after that order's entry on the docket, on January 24, 2024, Plaintiff filed a "Motion for Leave to Submit Digital Recordings" in which he "requests leave of the Court to submit digital recordings as supplemental evidence in support of his second amended complaint." (ECF 8, at 1.)

      At the pleadings stage – the current stage of litigation of this action – Plaintiff "need not 'show[ ] by evidence,' but rather must make a plausible factual allegation that . . . the[] conditions [discussed in the Court's January 18, 2024 order] are satisfied." *Mazur v. New York State Dep't of Corrs.*, No. 1:23-CV-0624, 2021 WL 6774997, at *6 (W.D.N.Y. Jan. 20, 2021) (first alteration in original), *report & recommendation adopted*, 2021 WL 1110583 (W.D.N.Y. Mar. 23, 2021); *Kellier v. Acosta*, No. 20-CV-1058 (CM), 2020 WL 1435003, at *5 (S.D.N.Y. Mar. 23, 2020) ("At the pleading stage, Plaintiff need not submit evidence or other proof to support his allegations.") (footnote omitted); *see DeWolf v. Samaritan Hosp.*, No. 1:17-CV-0277, 2018 WL 3862679, at *3 n.3 (N.D.N.Y. Aug. 14, 2018) ("[A] plaintiff need not produce

evidence at the pleading stage, and a court must accept [a] plaintiff's nonconclusory allegations as true and draw all reasonable inferences in his favor."); *see also Lynch v. City of New York*, 952 F.3d 67, 82 (2d Cir. 2020) ("Admissibility [of evidence] . . . is an issue for trial or summary judgment; in order to state a claim that is sufficiently plausible to avoid dismissal at the pleading stage, the fact asserted need not be presented in a form [of evidence] that would be admissible at trial. The plausibility [pleading] standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal' conduct." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007))).

Accordingly, because Plaintiff need not submit any evidence of the defendants' alleged illegal conduct with his second amended complaint, and need only allege facts in his second amended complaint sufficient to state his claims, as specified in the Court's January 18, 2024 order, the Court denies Plaintiff's motion without prejudice to Plaintiff's seeking such relief again, in this action, should it proceed beyond the pleadings stage.

## CONCLUSION

The Court denies Plaintiff's "Motion for Leave to Submit Digital Recordings" (ECF 8) without prejudice to Plaintiff's seeking such relief again, in this action, should it proceed beyond the pleadings stage.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 5, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge