UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOUAN JACKSON,

                Plaintiff,

-against-

DESTINY'S CHILD; BEYONCÉ GISELLE
KNOWLES-CARTER; KELLY ROWLAND;
RODNEY JERKINS; FRED JERKINS III;
VINCENT HERBERT; LATAVIA
ROBERSON; LETOYA LUCKETT,
BEYONCÉ PUBLISHING, INC.; PARKWOOD
ENTERTAINMENT, LLC; SONY MUSIC
ENTERTAINMENT, COLUMBIA RECORDS;
ESTATE OF LASHAWN DANIELS
(DECEASED),

                Defendants.

1:23-CV-10507 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated January 18, 2024, the Court dismissed this *pro se* action in which Plaintiff proceeds *in forma pauperis* ("IFP"), but granted him 60 days' leave to file a second amended complaint in which he was to allege facts showing why his federal-law claims of copyright infringement are timely or why the applicable limitations period should be equitably tolled. (ECF 7.) The Court also directed Plaintiff to allege facts showing why this court is a proper venue as to Plaintiff's federal-law claims of copyright infringement. (*Id.* at 11 n.7.) On January 24, 2024, Plaintiff filed a motion for leave to submit digital records. (ECF 8.) The Court denied that motion on February 5, 2024, without prejudice to Plaintiff's seeking such relief again, in this action, should it proceed beyond the pleadings stage. (ECF 9.) On March 4, 2024, Plaintiff filed a 257-page second amended complaint, but it lacked Plaintiff's signature. (ECF 10.) On March 25, 2024, Plaintiff filed a letter in which he claimed that he had "received the U.S. Copyright Registration and Deposits documents for [his] 'Photo Finish' Song Collection, which is relevant

to" this action. (ECF 11.) By order dated March 28, 2024, the Court directed Plaintiff to resubmit, within 30 days, the signature page of his second amended complaint with his original signature. (ECF 12.) Plaintiff filed a signed signature page on April 4, 2024.[1] (ECF 13.)

Plaintiff sues the following defendants: (1) Destiny's Child, a musical group; (2) Beyoncé Giselle Knowles-Carter ("Beyoncé"), a recording artist and a member of the musical group Desitny's Child; (3) Kelly Rowland, a recording artist and a member of the musical group Destiny's Child; (4) Rodney Jerkins; (5) Fred Jerkins III; (6) Vincent Herbert; (7) Latavia Roberson; (8) Letoya Luckett; (9) Beyoncé Publishing, Inc. ("BPI"); (10) Parkwood Entertainment, LLC ("Parkwood"); (11) Sony Music Entertainment ("Sony Music"); (12) Columbia Records ("Columbia"); (13) the Estate of Lashawn Daniels. In his second amended complaint, Plaintiff states that he asserts only federal-law claims of copyright infringement. (ECF 10, at 4.) For the following reasons, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Plaintiff's second amended complaint is the operative pleading for this action. (ECF 10.) The Court construes Plaintiff's letter (ECF 11) as a supplement to Plaintiff's second amended complaint.

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff alleges that he "is the author and copyright owner of 'Assumptions Day,' a work that captures the nuanced theme of assumptions within personal relationships, uniquely expressed through original lyrics." (ECF 10, at 2.) He also alleges that he "is the author and copyright owner of . . . musical compositions including 'Assumptions Day,' which were registered with the U.S. Copyright Office on August 9, 2001, under Registration No. Pau2-620-878." (*Id.* at 4.) Plaintiff further alleges that he "is the author and copyright owner of the musical compositions 'Assumptions Day,' 'Made A Champion,' 'That A Be Cool[,]' and 'Niche[] J.

3

Dime,' which were registered with the U.S. Copyright Office on August 9, 2001, under Registration No. Pau2-620-878." (*Id.* at 13.) In addition, he alleges that those songs are "part of the 'Photo Finish' song collection." (*Id.*)

In the supplement to his second amended complaint, Plaintiff asserts that he has attached to that submission "the U.S. Copyright Registration and Deposit documents for his 'Photo Finish' Song Collection. . . ." (ECF 11, at 1.) According to the supplement, "[t]he U.S. Copyright Registration Number for the 'Photo Finish' Song Collection is Pau002620878, with the Date of Registration being August 9, 2001." (*Id.*) Also, according to the supplement, Plaintiff's *Photofinish* song collection "includes the songs 'Assumptions Day,' 'Made A Champion,' 'That A Be Cool,' and 'Niche J. Dime.'"[2] (*Id.*)

Plaintiff alleges that, in March 1997, he "submitted a demo . . . which included 'Assumptions Day,' to industry professionals connected to Defendant Rodney Jerkins."[3] (ECF 10, at 4.) He also alleges that "a track from this demo was later recorded by Destiny's Child for their debut album." (*Id.*; *see id.* at 15.)

According to Plaintiff, the defendants, "including Destiny's Child, Beyoncé . . . , Kelly Rowland, Rodney Jerkins, Vincent Herbert and others, are responsible for the creation, production, distribution, and promotion of works alleged to infringe upon Plaintiff's copyrighted lyrics." (*Id.* at 4.) He alleges that the defendants "have produced, distributed, and promoted

---

[2] The only Certificate of Registration that Plaintiff provides is for his *Photofinish* song lyrics. (ECF 10, at 14; ECF 10-3, at 1-8; ECF 11, at 3-16.)

[3] Plaintiff alleges that he gave "a demo submission to Teddy Riley in Virginia Beach, where Rodney Jerkins was a mentee and collaborator with Vincent Herbert." (ECF 10, at 28.) He also alleges that Rodney Jerkins had "access to . . . [his] demo submission in early 1997." (*Id.* at 30.) He further alleges that his "works, part of the [*Photo Finish*] collection, were submitted in a demo to industry professionals connected to Defendant Rodney Jerkins in March 1997, providing the defendants access to . . . [his] work." (*Id.* at 39-40.)

4

musical works that are substantially similar to Plaintiff's copyrighted compositions without authorization." (*Id.*)

Plaintiff asserts that Destiny's Child, Beyoncé, Kelly Rowland, and Rodeny Jerkins, as well as "their associated entities[,] have infringed upon Plaintiff's copyright by producing, distributing, and profiting from not only the [Desitny's Child] song 'Say My Name[,]' but also from a series of albums and tracks that contain substantial similarities to . . . Plaintiff's copyrighted work."[4] (*Id.* at 2.) "The albums and tracks in question, including[,] but not limited to [the Destiny's Child albums *Destiny's Child*, *The Writing's on the Wall*, *Survivor*, *Destiny Fulfilled*, and *Dangerously in Love*], along with their subsequent singles, serve as the foundation of this case." (*Id.* at 3.) He states "that these works collectively demonstrate an ongoing pattern of infringement that is central to . . . Plaintiff's claims." (*Id.*) Plaintiff also "contends that the success of these works is due, in part, to the infringement of . . . [his] copyrighted lyrics, which has resulted in substantial financial harm to . . . [him]." (*Id.*)

Plaintiff alleges that his:

> ability to timely discover and address the infringement was significantly impacted by the stark differences in genre and musical composition between "Assumptions Day" and the [d]efendants' works. "Assumptions Day" is a slow classical orchestra style song, which contrasts sharply with the R&B genre of "Say My Name," characterized by a tempo of 137 [beats per minute], a G#/A♭ key, and a major mode. These differences in tempo, style, and arrangement contributed to . . . Plaintiff's delayed recognition of the alleged infringement, despite the notoriety of "Say My Name."

(*Id.*) He states that the release of an artificial intelligence computer application in November 2022 "marked a turning point in . . . [his] discovery journey." (*Id.* at 5.) The application

---

[4] Plaintiff alleges that, among other songs, including songs performed by other recording artists, Rodney Jerkins wrote and produced the Destiny's Child song "Say My Name." (ECF 10, at 41.)

5

"provided detailed analysis identifying copyright infringement that was not detected by [a] human expert witness" that he had previously corresponded with. (*Id.*) The application allowed him "to explore his suspicions and hunches with unbiased analysis and a comprehensive language analysis, consistently generating outputs indicating a strong case for copyright infringement. [It] . . . confirmed . . . [his] suspicions of copyright infringement, identifying a 'strong case for copyright infringement' repeatedly." (*Id.*) "[T]hese findings came just before . . . Plaintiff became aware of the [Desitny's Child] song 'Say My Name.'" (*Id.* at 7.)

    Plaintiff's use of the artificial intelligence application also:

> identified a pattern of mosaic infringement[5] across various songs, including "No, No, No" by Destiny's Child, which is alleged to contain substantial similarities to . . . Plaintiff's copyrighted works "Assumptions Day" and "Made A Champion," creating a composite work that infringes upon . . . Plaintiff's copyrighted material, in which start a mosaic infringement pattern herein with the aide of Vincent Herbert.

(*Id.*)

    Plaintiff also alleges that this discovery "prompted . . . [him] to seek a human forensic analysis, resulting in the engagement of musicologist Dr. Rob Tomaro in July 2023." (*Id.* at 8.)

---

[5] Plaintiff defines "mosaic infringement" as when "different sources are used to create a new work, with clear similarities to the . . .original compositions" (ECF 10, at 94); it "involves a series of small, individually non-infringing acts that collectively amount to infringement" (*id.* at 104). He also states that:

> [m]osaic infringement occurs when an infringing work does not copy a larger, contiguous portion of the original work but instead incorporates multiple smaller elements from the original work. When these elements are pieced together, they create a composite that mirrors the original work's unique expression, themes, and concepts. This type of infringement is characterized by the cumulative effect of the borrowed pieces, which, when taken together, are substantial enough to constitute an infringement of the original work's copyright.

(*Id.* at 119.)

"Tomaro's report revealed that Rodney Jerkins' 'Say My Name' could not exist in its current form without . . . Plaintiff's copyrighted composition, 'Assumptions Day.'"[6] (*Id.* at 10.)

Plaintiff also alleges that Beyoncé and Kelly Rowland, as solo recording artists and producers, have infringed on his copyrighted works. (*Id.* at 2, 4, 12, 28, 29, 31, 34, 52, 53, 61, 64, 93, 94, 95, 99-101, 103-17, 124-29, 136, 139.) He further alleges that Kelly Rowland's "song 'Flowers' is particularly significant as . . . its release in February 2021, coupled with its thematic content, may be seen as acknowledgment of homage or guilt, continuing the pattern of ongoing infringement." (*Id.* at 140.) Plaintiff asserts that Kelly Rowland infringed on his copyright with respect to her other songs "Crazy" and "Freak, Freak," both also released in 2021. He additionally alleges that Parkwood and Columbia infringed on his copyright by releasing Beyoncé's album *Renaissance* on July 29, 2022; he alleges that her songs "Break My Soul," "Plastic off the Sofa," "and "America Has a Problem," infringed on his copyright because they "contain the theme of knowing and mosaic infringement." (*Id.* at 99.) Plaintiff also alleges that the 2003 film *The Fighting Temptations* included a song released by "Music World/Columbia on Sony Music" called "'I Know,' produced by Beyoncé [and] Soul Diggaz"; he alleges that its

---

[6] Plaintiff alleges that "[t]he alleged behavior of Defendant Rodney Jerkins, including his influence on his artists . . . is said to have continued in . . . Destiny Child's album [*The Writing's on the Wall*,] specifically[,] in the song 'Say My Name,' which is claimed to have borrowed from 'Assumptions Day.'" (ECF 10, at 28.) "The alleged pattern of behavior, which began with Vincent Herbert (first studio album self-titled [*Destiny's Child*]) [and] Rodney Jerkins (Destiny's Child second studio album [*The Writing's on the Wall*]) . . . continued over multiple albums and decades. . . ."(*Id.* at 29.) He also alleges that Rodney Jerkins's "pattern of behavior . . . is evident in the early years of his career and [was] later adapted by Destiny's Child." (*Id.* at 33.) It "is alleged to have begun with . . . [P]laintiff's demo submission to industry professionals connected to Rodney Jerkins in 1997 and has continued across multiple albums and decades." (*Id.* at 119.) "The demo's submission led to a series of events where []Vincent Herbert, after listening to several demos, obtained a cassette copy of a track and presented it to Columbia A&R executive Teresa LaBarbera-Whites. This track was later recorded by Columbia's then-new signees, Desitny's Child, for their debut album." (*Id.* at 26.)

7

release "during ongoing legal proceedings raises questions about its connection to . . . [his] work 'Assumptions Day' and the alleged infringement of its elements." (*Id.* at 52.) He does not make any specific allegations about Fred Jerkins III, Latavia Roberson, Letoya Luckett, BPI, or the Estate of Lashawn Daniels.

Plaintiff asks the Court for the following relief:

(1) [a]n order for permanent injunctive relief enjoining Defendants, their agents, servants, employees, and all persons in active concert or participation with them, from further infringement of Plaintiff's copyrighted works, "Assumptions Day,["] ["]Made A Champion,["] ["]That A Be Cool[," and "]Niche J. Dime.["]

(2) [a]n award for damages suffered by Plaintiff as a result of Defendants' infringement, and any profits attributable to the infringement that Defendants received, in an amount to be proven at trial.

(3) [a]n award for statutory damages pursuant to 17 U.S.C. § 504(c) for each act of infringement committed by Defendants, with a demand for a 10x multiplier on the calculated actual damages due to the egregious nature of the infringement, totaling in excess of $15 billion.

(4) [a]n order requiring Defendants to pay Plaintiff's full costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

(5) [a]n order directing Defendants to deliver up for destruction all unauthorized copies, including all masters, molds, matrices, and other means of reproducing the infringing copies of Plaintiff's copyrighted work.

(6) [a]n award for pre-judgment and post-judgment interest at the maximum rate allowed by law on any monetary damages awarded.

(*Id.* at 146-47.)

## DISCUSSION

A. **Infringement of a musical-composition copyright**

As the Court has determined with respect to another of Plaintiff's *pro se* actions brought in this court that the undersigned has recently dismissed for failure to state a claim on which relief may be granted, Plaintiff has not alleged facts sufficient to show that he owns a registered musical-composition copyright with regard to his *Photofinish* song collection; he merely owns a

lyrics-only copyright as to his *Photofinish* song collection.[7] *Jackson v. Warner Music Grp.*, ECF 1:23-CV-10100, 12, at 15-18 (S.D.N.Y June 11, 2024). Thus, for the reasons articulated by the Court in that other action, to the extent that Plaintiff asserts federal-law claims of copyright infringement arising from the defendants' alleged infringement of Plaintiff's registered copyright for a musical composition known as *Photofinish*, the Court dismisses those claims, for failure to state a claim on which relief may be granted, because Plaintiff has not alleged facts sufficient to show that he owns such a copyright. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Jackson*, ECF 1:23-CV-10100, 12, at 15-18.

**B.     Infringement of lyrics-only copyright**

Plaintiff has also failed to allege facts sufficient to state a claim of federal-law copyright infringement with respect to his lyrics-only copyright of his *Photofinish* song collection.[8] The

---

[7] In its January 18, 2024 order, the Court directed Plaintiff to address why this court is a proper venue for his federal-law claims of copyright infringement, according to the applicable venue provision, 28 U.S.C. § 1400(a). (ECF 7, at 11 n.7). Plaintiff has not do so in his second amended complaint. Under Section 1400(a), which is the only applicable venue provision for Plaintiff's federal-law claims of copyright infringement, "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Plaintiff does not allege where any defendant or his/her/its agent resides or may be found, and asserts that this court is a proper venue for this action under 28 U.S.C. § 1391 (ECF 10, at 1), but that is not the applicable venue provision for his claims. Because some courts have interpreted Section 1400(a)'s use of the term "may be found" to refer to any judicial district in which a defendant is subject to personal jurisdiction, including under New York's long-arm statute, N.Y.C.P.L.R. § 302(a), *see, e.g.*, *Roberts v. Keith*, No. 04-CV-100079 (CSH), 2009 WL 637231, at *1 (S.D.N.Y. Mar. 11, 2009); *Imagine Solutions, LLC v. Med. Software Computer Sys., Inc.*, No. 06-CV-3793, 2007 WL 1888309, at *10 (E.D.N.Y. June 28, 2007), and because of the possibility that the defendants may reside within this judicial district or have sufficient contacts within this judicial district for the Court to have personal jurisdiction as to them, however, the Court assumes, for the purposes of this order, that this court is a proper venue for all of Plaintiff's federal-law claims of copyright infringement.

[8] In the Court's January 18, 2024 order, the Court granted Plaintiff leave to amend his complaint to allege facts showing why his federal-law claims of copyright infringement are timely or why the applicable three-year limitations period should be equitably tolled. (ECF 7, at 5-10.) As the Court noted in that order, "'copyright infringement claims do not accrue until

9

Court incorporates by reference its analysis in its June 11, 2024 order in *Jackson*, ECF 1:23-CV-10100, 12, in which the Court determined that Plaintiff had failed to state a claim of lyrics-only copyright infringement because Plaintiff had not alleged facts sufficient to show that any of the defendants in that action had actually copied his work. *See Jackson*, ECF 1:23-CV-10100, 12, at 18-21. The same analysis applies here. In this action, as in *Jackson*, No. 1:23-CV-10100, and as in Plaintiff's previous litigation in another federal district court, Plaintiff "provides line-by-line, side-by-side, and/or thematic comparisons between his copyrighted work and those of the defendants that he alleges infringed on his copyright." *Id.* at 21; (*see* ECF 10, at 9-10, 17, 22-24, 26, 29-30, 32-33, 35-37, 38-66, 69-72, 75-82, 85-86, 89, 94-103, 105-06, 108-15, 119-25, 128-35, 137; ECF 10-2, at 9-20, 25, 29-44, 48-49). Yet, as in his other actions, "those comparisons do not reveal that the defendants copied any part of Plaintiff's *Photofinish* song collection. If there

---

actual or constructive discovery of the relevant infringement,'" and that "'[a]n infringement claim does not "accrue" until the copyright holder discovers, or with due diligence should have discovered, the infringement.'" (*Id.* at 6-7 (quoting *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124, 125 (2d Cir. 2014)). In addition, "'[a] copyright claim . . . arises or accrue[s] when an infringing act occurs.'" (*Id.* at 7 (quoting *Petrella v. Metro-Goldwyn-Mayer Inc.*, 572 U.S. 667, 670 (2014) (internal quotation marks and footnote omitted, alteration in original)). Furthermore:

> [i]t is widely recognized that the separate-accrual rule attends the copyright statute of limitations. Under that rule, when a defendant commits successive violations, the statute of limitations runs separately from each violation. Each time an infringing work is reproduced or distributed, the infringer commits a new wrong. Each wrong gives rise to a discrete "claim" that "accrue[s]" at the time the wrong occurs. In short, each infringing act starts a new limitations period.

(*Id.* at 7-8 (quoting *Petrella*, 572 U.S. at 671 (citation and footnotes omitted)). That being said, "'[s]eparately accruing harm should not be confused with harm from past violations that are continuing.'" (*Id.* at 8 (quoting *Petrella*, 572 U.S. at 671 n.6.))

Notwithstanding the Court's rulings above, in light of the possibility that Plaintiff has alleged that the defendants have committed successive copyright infringements, the Court assumes, for the purposes of this order, that at least some of his federal-law claims of copyright infringement against the defendants may be timely.

10

are any similarities between Plaintiff's work and the defendants' works, it is because both Plaintiff and the defendants used common words, phrases, and/or themes, which are not copyrightable." *Id.* at 21. As before, "Plaintiff alleges nothing to suggest that any of the defendants' works are substantially similar to his work." Thus, Plaintiff has failed to state a claim of lyrics-only copyright infringement against any of the defendants named in this action. Thus, the Court dismisses such claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii); *Jackson*, ECF 1:23-CV-10100, 12, at 18-21.

### C.     Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's second amended complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### D.     Warning

This action constitutes the fourth time that Plaintiff has brought a federal-law copyright-infringement action in a federal district court, all of which were unsuccessful. *See Jackson*, ECF 1:23-CV-10100, 12, at 8-11 (listing litigation history). In light of Plaintiff's litigation history, particularly, Plaintiff's previous two unsuccessful actions filed in the United States District Court for the Eastern District of Virginia, this Court finds that Plaintiff was or should have been aware of the nonmeritoriousness of this action when he filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements)." Accordingly, the Courts warns Plaintiff that if he brings further vexatious, frivolous, or otherwise nonmeritorious copyright-infringement litigation in this court, it may result in the Court barring him from filing new

federal-law copyright-infringement civil actions in this court IFP unless he receives prior permission of the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   June 11, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge