UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOUAN JACKSON,

                Plaintiff,

-against-

DESITNY'S CHILD, et al.,

                Defendants.

1:23-CV-10507 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order and judgment issued and entered on June 11, 2024, the Court dismissed this *pro se* action for failure to state a claim on which relief may be granted. (ECF 14 & 15.) The Court also warned Plaintiff "that if he brings further vexatious, frivolous, or otherwise nonmeritorious copyright-infringement litigation in this court, it may result in the Court barring him from filing new federal-law copyright-infringement civil actions in this court [*in forma pauperis* ("IFP")] unless he receives prior permission of the court." (ECF 14, at 11-12.) On July 8, 2024, 27 days later, Plaintiff filed a 522-page motion seeking relief under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("Rule 59(e)" and "Rule 60(b)"). (ECF 16.) The Court thus understands Plaintiff's motion as seeking to alter or amend the Court's June 11, 2024 judgment, brought under Rule 59(e), and for relief from the Court's June 11, 2024 order and judgment, brought under Rule 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms. . . . [including] liberal construction of papers . . . relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is

required of him." (citations omitted)). After reviewing Plaintiff's arguments, the Court denies Plaintiff's motion.

## DISCUSSION

**A.     Rule 59(e) relief**

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (stating that such a motion "is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling" (quoting *Patterson v. United States*, No. 04-CV-3170 (WHP), 2006 WL 2067036, at *2 (S.D.N.Y. July 26, 2006))).

Plaintiff does not demonstrate that the Court has overlooked any controlling decisions or factual matters with respect to its dismissal of this action, and the Court may not consider any new theories or consider any new allegations that Plaintiff includes in his motion. The Court therefore denies relief under Rule 59(e).

**B.     Rule 60(b) relief**

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

2

>intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, but even under a liberal interpretation of his motion, Plaintiff has not demonstrated that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff Rule 60(b) relief, to the extent that he seeks relief under Rule 60(b)(1) through (5).

In addition, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court also denies that relief. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985) (internal quotation marks omitted)). A Rule 60(b)(6) motion must show both that the motion was filed within a "'reasonable time'" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted).

Plaintiff does not demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff relief under Rule 60(b)(6).

## CONCLUSION

The Court denies Plaintiff's motion for Rule 59(e) and Rule 60(b) relief. (ECF 16.)

This action is closed. The Court directs the Clerk of Court to accept for filing in this action only those documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents in this action that are frivolous or meritless, the

Court will direct him to show cause why the Court should not bar him from filing further documents in this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 30, 2024
         New York, New York

                                /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                              Chief United States District Judge